Harold V. Lamberson and Catherine H. Lamberson v. Commissioner.
Lamberson v. Commissioner
Docket Nos. 804-68, 2888-68.
United States Tax Court
T.C. Memo 1970-131; 1970 Tax Ct. Memo LEXIS 228; 29 T.C.M. (CCH) 585; T.C.M. (RIA) 70131; May 28, 1970, Filed Harold V. Lamberson, pro se, 34 Spring Street Rd., Loudonville,N. Y. Jay S. Hamelburg, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: In these consolidated cases respondent determined deficiencies in petitioners' income tax for 1965 and 1966 in the amounts of $567.59 and $723.64, respectively. The only issue presented for decision is whether certain expenses paid by petitioner Harold V. Lamberson during 1965 and 1966 were traveling expenses "while *229 away from home," within the meaning of sections 162(a)(2). [1]
Findings of Fact Harold V. Lamberson (hereinafter referred to as petitioner) and Catherine H. Lamberson, husband and wife, were residents of Albany, New York, at the time their petitions were filed. They filed joint Federal income tax returns for 1965 and 1966 with the district director of internal revenue, Albany, New York. Petitioner was employed as an attorney for the Veterans Administration (hereinafter V.A.) within New York State continuously from January 1946 until February 20, 1970, when he retired. As of May 13, 1964, petitioner's duty station was at Loudonville, New York, near Albany. At that time he was one of three V.A. attorneys employed in upstate New York. By memorandum dated March 10, 1965, the Chief Attorney of the New York Regional Office of the V.A. advised petitioner that due to heavy work loads and the need to review the effect of a new law expanding the rights of veterans with respect to G.I. insurance, "you are requested to report for indefinite duty at the NYRO on Monday, March 15, 1965 * *230 * *." The memorandum instructed petitioner to reassign all of his Albany work to one of the other upstate New York V.A. attorneys, which he did. Subsequent to March 15, 1965, the V.A. had only two attorneys in upstate New York and never appointed anyone to replace petitioner. At the time of petitioner's reassignment it was expected that the need for his services in connection with the new insurance law would last only a few months; however, at that time petitioner could not foresee whether his employment in New York City would terminate in a short time. After March 15, 1965, petitioner performed no work in the Albany area (except for two occasions when he attended court there for the V.A.), and there was never any discussion about his returning to that area to work. Within two or three months after reporting to New York City petitioner completed his assignment regarding the new insurance law. However, he remained in the New York City office, and on January 31, 1966, was reassigned to the Brooklyn office, although his official duty station was not changed to Brooklyn until November 20, 1966, when he secured a competitive Civil Service position. Petitioner's entire stay in New York *231 City between March 15, 1965, and November 20, 1966, was officially designated as a "detail." The term "detail" is defined for V.A. purposes as "a temporary assignment of an employee from his official position to another position within the agency without changing his Civil Service or pay status. At the end of the detail the employee returns to his official position." During the time petitioner was on detail he never received any per diem travel allowance. Catherine, who was employed as a real estate broker in Albany, continued to reside in Loudonville throughout 1965 and 1966, even after the change of petitioner's official duty station. During this period petitioner traveled on weekends between Loudonville and New York City by bus, at a cost of $9.40 per round trip. On his returns for 1965 and 1966 he deducted the cost of these trips ($319.60 for 34 trips in 1965, and $376 for 40 trips in 1966), plus his expenses while living in New York City (computed by him at $14 per day for 140 business days during 1965 and 150 business days during 1966). The figure of $14 per day was related to the per diem travel allowance paid by the V.A. in upstate New York, and did not have any specific *232 relationship to the amounts actually expended by petitioner while living in New York City. 587 Respondent disallowed the claimed deductions in their entirety. Opinion Petitioner contends that while he was employed in New York City from March 15, 1965, through November 20, 1966, he was "away from home" within the meaning of section 162(a)(2), [2] and that, consequently, his expenses of living in New York City and traveling on weekends between there and Loudonville, where his wife remained, are deductible. As noted in our recent opinion in Lloyd G. Jones 54 T.C. (1970): The word "home" as used in that section is a term of art. It does not mean the taxpayer's domicile; rather it means his "tax home," i.e., the location *233 of his principal place of business, employment, or station of duty. "The job, not the taxpayer's pattern of living," is the crucial factor. A taxpayer continues to have his "home" at his regular place of employment if he accepts "temporary employment of short duration" at another location; but if the assignment is of "substantial" or "indefinite" duration, the second location becomes his "home" within the meaning of section 162(a)(2). * * * In order for petitioner to prevail, therefore, his employment in New York City during the period in question must have been temporary. Petitioner argues that it was, relying on the fact that his assignment in the New York office was designated as a "detail" (defined by the V.A. as "a temporary assignment"). This argument is grounded on petitioner's claim that his "home for tax purposes and his official duty station is fixed by the U.S. Civil Service Commission and the government agency employing him * * *." We disagree. The designation by the Civil Service Commission and the V.A. of petitioner's official duty station is not determinative of the location of his "tax home." Cf. . That designation *234 relates solely to administrative procedures within those agencies and bears no relation to petitioner's tax status. Indeed, petitioner was advised by his immediate superior that his stay in New York City would be "indefinite." However, we need not place any more weight upon this statement than on the contrary designation by the V.A. personnel records. The record before us clearly establishes that petitioner's stay in New York City was not temporary, but was expected to last for an indefinite period. Upon leaving Loudonville petitioner transferred all of his Albany area work assignments to another attorney; thereafter he did not perform any work in that area (except on two brief occasions) and never even discussed the possibility of returning there for the V.A. At the time of his reassignment he could not foresee the duration of his employment in New York City. When his assignment with respect to the new insurance law was completed he did not return to Albany, but instead remained in New York City. Finally, notwithstanding the formal designation of his employment in New York City as a temporary one, he never received any per diem travel allowance from the V.A. during that time. All *235 of these factors serve to distinguish (C.A. 9, 1960), reversing , relied on by petitioner. We think it clear that petitioner's decision to retain a residence in Loudonville, thus giving rise to the expenses incurred here, was motivated by personal reasons unrelated to the carrying on of his trade or business as an employee of the V.A. Cf. . His wife was employed as a real estate broker in Albany, with income approximately equal to petitioner's. They obviously were unwilling to lose this source of income, as is borne out by the fact that she continued to live in Loudonville even after petitioner's duty station was officially changed to Brooklyn. We conclude that the expenses in issue here were not incurred while petitioner was "away from home," and are nondeductible personal expenses under section 262. Decisions will be entered for the respondent. 588 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩